In re George W. SWARTZ and Thelma L. Swartz, Debtors.

L.D. FITZGERALD, Trustee, Plaintiff,

v.

H & R BLOCK, INC., a Missouri corporation, and Beneficial National Bank, Defendant.

Bankruptcy No. 89–00700–7.
Adv. No. 89–0114.

United States Bankruptcy Court, D. Idaho.

June 1, 1990.

William R. Hollifield, Decker and Hollifield, Twin Falls, Idaho, for plaintiff.

Joseph S. Stanzak, Twin Falls, Idaho, and Barbara Rom, Pepper, Hamilton & Scheetz, Detroit, Mich., for defendant.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

This case is one of several adversary proceedings filed by the plaintiff/trustee

against the defendants alleging a preferential transfer. The adversary proceedings have been consolidated since the same parties and the same legal issues are involved in each case. The plaintiff trustee has previously dismissed his cause of action against H & R Block (Block) and Block is thus no longer a party defendant in any of the consolidated adversary proceedings. In each case the trustee seeks judgment against the defendant Beneficial National Bank (BNB) for amounts BNB previously provided the respective debtors as part of "refund anticipation" loan transactions. BNB's answer in each proceeding denies the existence of a preferential transfer. Motions for summary judgment have been filed by both the trustee and BNB.

## FACTS

The purpose of the refund anticipation, or RAL, program is to afford Block customers quick access to their income tax refunds, thus eliminating the customary waiting period for a refund check from the Internal Revenue Service (IRS). The program facilitates a loan to the taxpayer pending the IRS processing of the taxpayer's tax refund. Another entity, Tax Masters, Inc., is used in the loan process. Block offers the program to its customers through use of electronic filing in the submission of the customer's return to the IRS.

An affidavit of a Senior Vice President of BNB, describes the RAL transactions. After the preparation of a customer's tax return an electronic filing transmission is transmitted from Block to the IRS. After the IRS receives the transmission, the IRS either accepts or rejects the return for electronic filing. If accepted, the IRS arranges for the direct deposit of the refund to a prearranged bank account at BNB. Upon notification of the acceptance, Block sends an electronic request to Tax Masters, a subsidiary of BNB, requesting an account be opened for the customer. If the application is approved, the approval is transmitted to Block and a special bank account with a zero balance is opened in the customer's name at BNB. BNB then issues the taxpayer's check. When the check is

presented for payment, BNB automatically reimburses itself in the amount of the RAL by transferring monies from the Tax Masters' funding account.

The check is delivered to the Block office and by Block delivered to the taxpayer. The back of the BNB check contains the demand note language and the taxpayer obligates repayment by endorsement of the check.

After the IRS processes the return and verification of entitlement to the refund is made, the IRS sends the necessary information to the Financial Management System (hereinafter "FMS") branch of the Treasury Department. The FMS transmits monies in the amount of the refund through its clearing house network to BNB's corresponding account at the Federal Reserve Bank. BNB then transfers the money from its correspondent account to the Tax Masters account. Tax Masters uses the refund monies to reimburse itself for the monies paid in the form of the RAL's. Once the refund has been received in the Tax Masters Account at BNB, the customer's special bank account is closed.

As a prerequisite to the foregoing transaction, the taxpayer must execute an IRS Form 8453 entitled "U.S. Individual Income Tax Declaration for Electronic Filing." Part III of the form provides:

> If I have elected Direct Deposit, I declare that the information shown on lines · 5 through 10 in Part II above is correct; I consent that my refund be directly deposited as designated in Part II above; and I authorize the Internal Revenue Service to inform my electronic return originator and/or the transmitter whether my request for Direct Deposit will be honored.

A document entitled "H & R Block's Refund Anticipation Loan Program offered through Beneficial National Bank" which the taxpayer must sign contains a consent paragraph stating:

> I/we hereby authorize, request, and give consent for BNB to use information from my/our tax return for the purpose

of obtaining a refund anticipation loan through Beneficial National Bank....

I/we hereby authorize, request, and give consent for BNB to establish an account in my/our name at BNB to receive payment of my/our tax refund from the Internal Revenue Service and to deduct from the proceeds of either my/our refund application loan or my/our account at BNB and pay H & R Block any fees or charges for the preparation and/or filing of my/our tax return which I/we have authorized. In addition, if I/we have any such delinquent loan as referred to in Item 4(f) above, then I/we authorize BNB to deduct from either the proceeds of my/our RAL or my/our account at BNB the balance of my/our delinquent loan.

The transaction is a loan transaction. BNB loans the funds to the taxpayer usually within seven days, and the taxpayers' tax refund is used to repay the loan. The lender is protected, since it is reassured delivery of the taxpayers refund check by the IRS. The taxpayer receives a loan based on the amount of the anticipated refund less Block fees and finance charges.

## DISCUSSION

Broadly stated, under the provisions of 11 U.S.C. § 547(b) a preference occurs when a debtor makes a transfer of an interest in property which transfer benefits and prefers that creditor over other creditors and such transfer is made in payment of an antecedent debt within 90 days before the date on which the debtor filed his or her petition.

According to the provisions of 11 U.S.C. § 547(c) such a transfer is not a preference in certain events, one of which is "a contemporaneous exchange for new value given to the debtor." The trustee contends all the required elements of a preferential transfer are present.

BNB contends the transfers are not preferences under Section 547(b) since the transfers were not made in payment of an antecedent debt, and, even if so, the transfers were for a contemporaneous exchange and therefore are not transfers under Section 547(c). Further, BNB contends genuine issues of fact exist on the other requirements of Section 547(b) which issues preclude granting the trustee's motion. BNB also alleges the trustee's motion is procedurally deficient.

The critical issue under the preference requirements of Section 547(b) is whether the refund check is transferred to BNB in payment of an antecedent debt. The trustee contends, and correctly so, the loan to the taxpayer occurs and the debt created, at the time the taxpayer endorses the BNB check. However, the trustee further argues the Section 547(b) "transfer" does not occur until BNB receives the refund check from the Department of the Treasury, and the transfer is thus in repayment of an antecedent debt. The defendants contend the transfer was made by the debtor-taxpayers at the time of application for the loan through the RAL program.

Transfers are defined by 11 U.S.C. § 101(50) as:

> ... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption;

By the execution of IRS Form 8453, which authorizes the IRS to deposit the refund check with BNB, which authorization is irrevocable since the IRS will not authorize revocation, and by execution of the H & R Block agreement, the taxpayer effectively assigns the repayment to the Bank. Thus, at the time of the execution of these documents an effective assignment or "transfer" of the debtor-taxpayer occurs under the "transfer" definition of Section 101(50). By allowing BNB possession of the check, the taxpayer is effectively allowing BNB the right to deduct the loan from the proceeds of the tax refunds. Since the transfer occurs prior to, or at least contemporaneous with, the obtaining of the loan, the transfer is not in payment of "... an antecedent debt owed by the

debtor before such transfer was made." [1]

The plaintiff's motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted by separate order.